UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Donald Ellis, Robin Sampson, and Arlander Wilson,<br><br>Plaintiffs,<br><br>-against-<br><br>The City of New York; Ray Henry, in his individual capacity; Lonnie Brown, in his individual capacity; Neil Lawson, in his individual capacity; Scott Roberts, in his individual capacity; and John and Jane Does 1 through 5, each in his or her individual capacity,<br><br>Defendants. | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>11 Civ. 3707 (PKC) |

**PRELIMINARY STATEMENT**

1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

**JURISDICTION**

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

**VENUE**

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to this claim took place in the Southern District of New York.

**JURY DEMAND**

5. The Plaintiffs demand a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6. Plaintiffs ROBIN SAMPSON and ARLANDER WILSON are residents of New York City. Plaintiff DONALD ELLIS is a resident of Hackensack, New Jersey.

7. Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. Defendants RAY HENRY, NEIL LAWSON, LONNIE BROWN, SCOTT ROBERTS, and JOHN and JANE DOES 1 through 5 (collectively the "Individual Defendants") were police officers employed by the NYPD who were at all relevant times herein acting in their capacity as agents, servants, and employees of the City.

10. The Individual Defendants are sued in their individual capacities.

11. At all times relevant herein, Individual Defendants were acting under color of state

law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

12.     In the early morning of February 20, 2010, plaintiff Robin Sampson had just left his parking spot on West 113th Street in Harlem and was headed uptown when he was pulled over by two unmarked police vehicles on the corner of West 118th Street and 7th Avenue.

13.     Without explanation, two officers approached Mr. Sampson's car and asked him to get out.

14.     Two of the female defendant officers then proceeded to search Mr. Sampson's vehicle while the two male officers frisked him.

15.     Mr. Sampson asked repeatedly why he was being stopped, to which the officers responded with "Don't worry about it".

16.     Mr. Sampson was then handcuffed and put into a police van.

17.     At around the same time, plaintiffs Donald Ellis and Arlander Wilson were pulling away from the curb on West 113th Street in Mr. Ellis's van when a marked NYPD van, driven by Officer Brown, pulled them over.

18.     Two of the defendant officers exited their van and directed Mr. Ellis and Mr. Wilson to get out.

19. The officers then searched Mr. Ellis and Mr. Wilson before putting them in the police van.

20. Officer Brown drove the van to the 28th Precinct and parked behind the precinct.

21. The officers directed Mr. Sampson to get out of the police car and get into the van.

22. Officer Brown drove the van to 114th Street and Morningside Avenue where the officers parked for approximately two hours before finally taking the plaintiffs back to the precinct.

23. Mr. Sampson, Mr. Ellis and Mr. Wilson were charged as co-defendants with Criminal Sale of a Controlled Substance in the Third Degree (PL 220.39(1)) and Criminal Possession of a Controlled Substance in the Third Degree (PL 220.16(1)).

24. All three plaintiffs pled not guilty and were released on their own recognizance after spending approximately 32 hours in custody.

25. The case was indicted, based on the perjured testimony of the defendant officers, on May 21, 2010.

26. The plaintiffs made twelve additional court appearances over a period of 15 months before the case was dismissed on speedy trial grounds on May 23rd, 2011.

27. As a result of the defendants' actions, Mr. Sampson was suspended without pay and eventually terminated from his job as a school aid with the Board of Education. He had held the position for around eight years.

28. Mr. Sampson retained criminal attorney Kyle Watters to defend him, costing him 7,500 dollars.

29. Additionally, due to the extreme stress and hardship caused by Mr. Sampson's false arrest and criminal charges, his health rapidly deteriorated. He underwent numerous surgeries in

which both his kidneys were removed. He now depends on frequent dialysis for survival.

30. Despite their efforts, during, and as a result of, the fifteen months their case was pending, Mr. Ellis and Mr. Wilson were unable to secure full-time employment.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Individual NYPD Defendants

31. All other paragraphs herein are incorporated by reference as though fully set forth.

32. In stopping, seizing, arresting, detaining and charging Plaintiffs, the Individual Defendants engaged under color of law in the violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures, false arrest and imprisonment and malicious prosecution.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

33. All other paragraphs herein are incorporated by reference as though fully set forth.

34. Municipal liability for the violations of Plaintiffs' Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

35. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

36. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said

defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiffs request that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiffs against the defendants, jointly and severally;

3. Award plaintiffs reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated: New York, New York
June 1, 2011

Respectfully submitted,

/s/

_____
Darius Wadia, L.L.C.
By:  Darius Wadia, Bar number DW8679
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com
(212) 233-1212/1216