

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

GREGORY P. MOUTON, JR.
Phone: (212) 676-1307
Fax: (212) 788-9776
gmouton@law.nyc.gov

**MEMO ENDORSED**

June 22, 2011

*Application granted.*
*So Ordered.*
*/s/ P. Kevin Castel USDJ*
*6-23-11*

**BY HAND DELIVERY**
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Donald Ellis, et al. v. The City of New York, et al.</u>, 11 CV 3707 (PKC)

Your Honor:

      I am a Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of the defendant The City of New York. In that capacity, I write with the consent of plaintiff's counsel, Darius Wadia, Esq., to respectfully request a sixty-day enlargement of time from June 22, 2011, to and including August 22, 2011, within which City defendants may answer or otherwise respond to the complaint. This is the first request for an enlargement of time.

      In their complaint, plaintiffs Donald Ellis, Robin Sampson, and Arlander Wilson claim, *inter alia,* that they were falsely arrested on February 20, 2010, after their vehicles were pulled over by police officers. In addition to The City of New York, plaintiff names Ray Henry, Lonnie Brown, Neil Lawson, Scott Roberts, and an unidentified police officer as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this Office time to receive the executed authorization for the release of the underlying arrest and medical records from plaintiff and forward the authorization with a request for records to the appropriate agencies. Specifically, in order to respond to the allegations contained in the complaint, defendant must obtain records of the underlying criminal case including Police, Criminal Court and District Attorney's records. It is our understanding that these records may be sealed pursuant New York Criminal Procedure Law § 160.50. Defendant cannot obtain these records without these authorizations, and without the records, defendant cannot properly assess this case or respond to the complaint. Accordingly, defendant requires this enlargement so that this Office may obtain the underlying documentation,

properly investigate the allegations of the complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, upon information and belief, the answers for Ray Henry, Lonnie Brown, Neil Lawson, and Scott Roberts are due on July 7, 2011. As such, a decision concerning this Office's representation of these officers has not yet been made, and accordingly, this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of a police officer once the officer is served, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of Ray Henry, Lonnie Brown, Neil Lawson, and Scott Roberts. If service has been effectuated, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent these officers. The officers must then decide whether they wish to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain each officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your consideration herein.

Respectfully submitted,

Gregory P. Mouton, Jr.
Assistant Corporation Counsel
Special Federal Litigation Division

cc:

DARIUS WADIA, LLC (via First-Class Mail)
233 Broadway, Suite 2208
New York, NY 10279